

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

APR 28  AM 10. 3

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,
Plaintiff,

v.

CASE NO: 15-739 (PAD)

[6] CARLOS F. LUNA CRUZ,
Defendant.

## PLEA AGREEMENT
(Pursuant to Rule 11[c][1][B] FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Timothy Henwood, First Assistant U.S. Attorney; Jose Capo Iriarte, Assistant U.S. Attorney; defendant's counsel, Jason Gonzalez-Delgado, Esq.; and defendant, **Carlos F. Luna-Cruz,** pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:




1.     **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT TWENTY ONE which charges:   On or about October 28, 2015, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **Carlos F. Luna Cruz**, did knowingly, intentionally, and corruptly obstruct, influence, and impede an official proceeding, to wit: a grand jury investigation in the District of Puerto Rico, by providing false and misleading testimony to a grand jury in violation of Title 18, United States Code, Section 1512(c)(2).

I

2.  **MAXIMUM PENALTIES**

The penalties for the offenses charged in the counts of conviction are set forth below:

| Count # | Violation | Min. Stat. Pen. | Max. Stat. Pen | Term of SR | Fine |
|---------|-----------|-----------------|----------------|------------|------|
| 21 | 18 USC 1512(c)(2) | N/A | 20 yrs. | ≤ 3yrs. | ≤ $250,000 |

3.  **APPLICABILITY OF SENTENCING GUIDELINES**

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provisions of the Sentencing Guidelines, Title 18 United States Code, Section 3551, et seq. (hereinafter Guidelines), which are now advisory.   Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.



4.  **SPECIAL MONETARY ASSESSMENT**

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

5.  **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution.   As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500).   The United States will make no recommendations as to the imposition of fines or restitution.

6.  **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the

sentencing judge and the advisory Sentencing Guidelines (including the <u>Guidelines Policy Statements, Application,</u> and <u>Background Notes</u>).   The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein.   Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.   Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report.   Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7.      **SENTENCING GUIDELINES CALCULATIONS**

Although the Guidelines are now advisory, <u>United States v. Booker</u>, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence.   <u>Booker</u>, 125 S.Ct. At 744.   Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations:

------- intentionally left blank -------

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| | |
| U.S.S.G. § 2J1.2 (Obstruction of Justice) | 14 |
| U.S.S.G. § 3E1.1(b)          Acceptance of Responsibility | - 2 |
| Adjusted Total Offense Level | 12 |
| There is no stipulation as to defendant's Criminal History Category (CHC)<br>CHC I:<br>CHC II:<br>CHC III: | Months<br>10-16<br>12-18<br>15-21 |



8.     **SENTENCE RECOMMENDATION**

The defendant will recommend a sentence below the applicable guideline range, including requesting a term of probation, based on defendant's relevant conduct and Title 18, United States Code, Section 3553 factors; while the United States reserves the right to recommend a sentence of imprisonment within the applicable guideline range detailed in paragraph 7.

9.     **FORFEITURE ALLEGATIONS**

The defendant agrees to accept the forfeiture allegations contained in the Indictment. The parties, in consultation with the United States Probation Office, will calculate prior to defendant's sentence, the amount to be forfeited by defendant in accordance with the applicable law and defendant's participation in the crimes of conviction.

10.     **WAIVER OF APPEAL**

The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms, conditions, and recommendations, defendant waives and surrenders his right to appeal the judgment and sentence in this case.

**11.     NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties.

**12.     SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with defendant's counsel, Jason Gonzalez-Delgado, Esq., and indicates that counsel has rendered effective legal assistance.

**13.     RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**



Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.   Defendant understands that the rights of criminal defendants include the following:

a.      If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.      If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.      If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.      At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.      At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

14.      **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15.      **LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

-6-

16.     **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

17.     **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

18.     **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

19.     **BREACH AND WAIVER**

The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence.   The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**RESPECTFULLY SUBMITTED.**

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
Timothy Henwood
First Assistant U.S. Attorney
Dated: 4-26-16

_____
Jose Capo Iriarte
Assistant U.S. Attorney
Dated: 4/26/16

_____
Jason Gonzalez-Delgado
Counsel for Defendant
Dated: April 28, 2016

_____
Carlos F. Luna-Cruz
Defendant
Dated: 4/28/2014

-8-

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me.   Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case.   I have read this Plea Agreement and carefully reviewed every part of it with your attorney.   I fully understand this agreement and I voluntarily agree to it.

Date: 4/28/2016

Carlos F. Luna-Cruz
Defendant

I am the attorney for the defendant.   I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case.   I have carefully reviewed every part this Plea Agreement with the defendant.   To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: April 28, 2016

Jason Gonzalez-Delgado
Counsel for Defendant

-9-

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying plea agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violations of federal law.  The defendant accepts the charges as detailed in the Indictment and acknowledges that should the case proceed to trial, the United States would prove the following:

On or about October 28, 2015, in the District of Puerto Rico and within the jurisdiction of this Court, Carlos F. Luna Cruz, did knowingly, intentionally, and corruptly obstruct, influence, and impede an official proceeding, to wit: a grand jury investigation in the District of Puerto Rico, by providing false and misleading testimony to a grand jury.  Should the case had proceeded to trial the United States would have proven, and defendant Carlos F. Luna-Cruz acknowledges, that he obstructed the grand jury investigation in order to help conceal material facts regarding potential criminal liability of, among others, co-defendants Javier A. Muñíz Alvarez and Sally Lopez Martinez.

The defendant acknowledges receiving and reviewing Rule 16 Discovery in the case.

Timothy Henwood
First Assistant U.S. Attorney
Dated: 4-28-16

Jason Gonzalez Delgado
Counsel for Defendant
Dated: April 28, 2016

Jose Capo Iriarte
Assistant U.S. Attorney
Dated: 4-25-16

Carlos F. Luna-Cruz
Defendant
Dated: 4/28/16

1